1
2
3
4
5
6                           IN THE UNITED STATES DISTRICT COURT

7                              FOR THE DISTRICT OF ARIZONA

8    Terrell D. Dansby,                    )    CIV 08-804-PHX-JAT (MHB)
                                           )
9                   Petitioner,            )    **REPORT AND RECOMMENDATION**
                                           )
10   vs.                                   )
                                           )
11   Dora B. Schriro, et al.,              )
                                           )
12                  Respondents.           )
                                           )
13   _____)

14   TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE:

15          Petitioner Terrell D. Dansby, who is confined in the Arizona State Prison Complex,

16   Santa Rita Unit, in Tucson, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus

17   pursuant to 28 U.S.C. § 2254 (Doc. #1) in which he challenges his state court convictions.

18   Respondents filed an Answer (Doc. #15) on September 15, 2008, and Petitioner filed a reply

19   (Doc. #23) on November 13, 2008.

20                                  **BACKGROUND**

21          The State charged Petitioner with four counts of Armed Robbery and four counts of

22   Kidnapping, all Class 2 dangerous felonies.  (Doc. #15, Exh. A.)  The State also alleged that

23   Petitioner committed the charged crimes with the intent to promote, further, or assist criminal

24   conduct by a criminal street gang, pursuant to A.R.S. § 13-604(T).  (Doc. #15, Exh. B.)

25   Petitioner and the State entered into a plea agreement, in which Petitioner agreed to plead

26   guilty to one count of Armed Robbery (Count One of the Indictment), and one count of

27   Kidnapping (Count Six of the Indictment), and to the gang allegation.  (Doc. #15, Exh. C.)

28

1   At the change-of-plea hearing, the court accepted Petitioner's guilty plea to the two counts,

2   and deferred dismissal of the other six counts to the date of sentencing.  (Doc. #15, Exh. D.)

3   On January 24, 2003, the trial court sentenced Petitioner to 13 years' imprisonment

4   for Armed Robbery, and 13 years' imprisonment for Kidnapping, and ordered the sentences

5   to run concurrently.  (Doc. #15, Exh. E.)  The court also sentenced Petitioner to an additional

6   3 years on each count based on Petitioner's admission to the gang promotion allegation, for

7   a total of 16 years on each count.  (Doc. #15, Exh. E.)

8   On April 15, 2003, Petitioner filed a notice of post-conviction relief.  (Doc. #15, Exh.

9   F.)  On July 30, 2003, appointed counsel filed a notice with the court indicating that she had

10  reviewed the record and was "unable to find any claims for relief to raise in Post-Conviction

11  relief proceedings."  (Doc. #15, Exh. G.)  The court then gave Petitioner 45 days from

12  August 1, 2003, to file a *pro per* petition for post-conviction relief.  (Doc. #15, Exh. H.)

13  On October 24, 2003, the court noted that Petitioner had failed to file a petition for

14  post-conviction relief and that the deadline for filing a petition for post-conviction relief had

15  passed.  (Doc. #15, Exh. I.)  Consequently, the court dismissed the Rule 32 proceeding.

16  (Doc. #15, Exh. I.)

17  On February 1, 2006, Petitioner filed a document entitled "motion for

18  reconsideration."  (Doc. #15, Exh. J.)  The court construed the document as a notice of post-

19  conviction relief, but found that Petitioner was not entitled to relief under Blakely v.

20  Washington, 542 U.S. 296 (2004).  (Doc. #15, Exh. K.)  Accordingly, it denied relief and

21  dismissed the proceeding.  (Id.)        Petitioner's subsequent petitions for review to the Arizona

22  Court of Appeals and the Arizona Supreme Court were summarily denied on March 19,

23  2007, and June 28, 2007, respectively.  (Doc. #15, Exhs. L, M.)

24  On April 28, 2008, Petitioner filed a Petition for Writ of Habeas Corpus.  (Doc. #1.)

25  Petitioner asserts the following five grounds for relief: (**I**) Petitioner alleges the trial court

26  erred by failing to inform Petitioner that he had a constitutional right to have a jury determine

27  aggravating factors beyond a reasonable doubt in violation of his Fifth, Sixth, Eighth, and

28  Fourteenth Amendment rights.  (Doc. #1 at 6.) (**II**) Petitioner contends that the trial court

1  violated his Fifth, Sixth, Eighth, and Fourteenth Amendment rights by imposing an
2  aggravated sentence based on factors not proven to a jury beyond a reasonable doubt and
3  contrary to the terms of his plea agreement.  (Doc. #1 at 7.)  (**III**) Petitioner asserts that his
4  sentence was unconstitutionally aggravated twice for the same conduct.  (Doc. #1 at 8.)  (**IV**)
5  Petitioner argues that he received the ineffective assistance of trial and post-conviction
6  counsel in violation of his Sixth Amendment rights.  (Doc. #1 at 9.)  (**V**) Petitioner again
7  alleges that the trial court violated his Fifth, Sixth, Eighth, and Fourteenth Amendment rights
8  by imposing an aggravated sentence based on factors not proven to a jury beyond a
9  reasonable doubt.  (Doc. #1 at 10.)

10                                              **DISCUSSION**

11         In their Answer, Respondents argue that Petitioner's habeas petition is untimely.
12  (Doc. #15 at 3-11.)  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996
13  ("AEDPA"), the 1-year limitation period for state prisoners to file a federal habeas petition
14  runs from "the date on which the judgment became final by the conclusion of direct review
15  or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  "The
16  time during which a properly filed application for State post-conviction or other collateral
17  review with respect to the pertinent judgment or claim is pending shall not be counted toward
18  any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

19         The Court's review of Petitioner's post-conviction relief proceedings reveals that
20  Petitioner's Petition for Writ of Habeas Corpus is untimely.  Petitioner plead guilty, and was
21  sentenced on January 24, 2003.  (Doc. #15, Exhs. D, E.)  The trial court subsequently
22  dismissed his Rule 32 "of-right" proceeding on October 24, 2003.  (Doc. #15, Exh. I.)
23  Petitioner's conviction, however, was not final until "the expiration of the time for seeking"
24  review of that dismissal.  28 U.S.C. § 2244(d)(1)(A).  Under Arizona Rule of Criminal
25  Procedure 32.9(c), Petitioner had 30 days from the dismissal of his petition for post-
26  conviction relief to file a petition for review.  Upon expiration of that 30-day time period –
27  November 24, 2003 – Petitioner's conviction became final.  Since Petitioner's conviction
28  became final on November 24, 2003, the AEDPA limitations period commenced the

following day, on November 25, 2003.  Thus, absent any tolling, he was required to file the instant habeas petition on or before November 25, 2004.  See 28 U.S.C. § 2244(d)(1)(A); Malcom v. Payne, 281 F.3d 951, 955 (9th Cir. 2002); Patterson v. Stewart, 251 F.3d 1243, 1245-46 (9th Cir. 2001).

Petitioner did not file his habeas petition until April 28, 2008.  Accordingly, Petitioner's habeas petition was filed almost three-and-a-half years after the deadline.  Further, Petitioner's "motion for reconsideration" filed on February 1, 2006, which the court construed as a second notice of post-conviction relief, did not operate to toll the statute of limitations as it was filed 433 days after the limitations period had expired.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (federal habeas petitioner's filing of state post-conviction relief petition took place "well after the AEDPA statute of limitations ended" and thus "resulted in an absolute time bar to refiling [his federal habeas petition] after his state claims were exhausted").

Moreover, to the extent Petitioner raises claims pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004) in his habeas petition, the result does not change.  Under 28 U.S.C. § 2244(d)(1)(C), the commencement of the limitation period can be delayed until the date on which "the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2244(d)(1)(C).  As previously stated, Petitioner's conviction became final on November 24, 2003.  This was long after the June 26, 2000 decision in Apprendi, but before the June 24, 2004 decision in Blakely.  Because Petitioner's conviction was final long after Apprendi, that decision does not affect his limitations period.  Because Petitioner's conviction was final before Blakely, that decision could alter the commencement date of the limitations period, but only if Blakely has been "made retroactively applicable to cases on collateral review."  28 U.S.C. § 2244(d)(1)(C).

1       In <u>Rees v. Hill</u>, 286 F.3d 1103 (9th Cir. 2002), the Ninth Circuit concluded that

2  <u>Apprendi</u> was not retroactively applicable on habeas review, under the retroactivity standards

3  established by <u>Teague v. Lane</u>, 489 U.S. 288, 308-310 (1989) (decisions establishing new

4  rules of criminal procedure are not to be applied retroactively on habeas review, absent

5  certain circumstances).  Similarly, in <u>Cook v. U.S.</u>, 386 F.3d 949, 950 (9th Cir. 2004), the

6  Ninth Circuit drew upon its decision in <u>Rees</u> to conclude that <u>Blakely</u> was not retroactively

7  applicable on habeas.  Therefore, based upon <u>Rees</u> and <u>Cook</u>, Petitioner's claims under

8  <u>Blakely</u> are not retroactively cognizable on habeas, and thus he is not entitled to the delayed

9  commencement date under section 2244(d)(1)(C).

10       Lastly, there is no basis for the Court to equitably toll the AEDPA's statute of

11  limitations in this instance.  The Ninth Circuit recognizes that the AEDPA's limitations

12  period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar.

13  <u>See</u> <u>Calderon v. United States Dist. Ct. (Beeler)</u>, 128 F.3d 1283, 1288 (9th Cir. 1997),

14  <u>overruled in part on other grounds by</u> <u>Calderon v. United States Dist. Ct. (Kelly)</u>, 163 F.3d

15  530, 540 (9th Cir. 1998).  Tolling is appropriate when "extraordinary circumstances beyond

16  a prisoner's control make it impossible to file a petition on time."  <u>Id.</u>; <u>see</u> <u>also</u> <u>Miranda v.

17  Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger

18  equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule")

19  (citations omitted); <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003).  "When external

20  forces, rather than a petitioner's lack of diligence, account for the failure to file a timely

21  claim, equitable tolling of the statute of limitations may be appropriate."  <u>Miles v. Prunty</u>,

22  187 F.3d 1104, 1107 (9th Cir. 1999).  A petitioner seeking equitable tolling must establish

23  two elements: "(1) that he has been pursuing his rights diligently, and (2) that some

24  extraordinary circumstance stood in his way."  <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418

25  (2005).  Petitioner must also establish a "causal connection" between the extraordinary

26  circumstance and his failure to file a timely petition.  <u>See</u> <u>Bryant v. Arizona Attorney

27  General</u>, 499 F.3d 1056, 1061 (9th Cir. 2007).

28

1    A petitioner's *pro se* status, ignorance of the law, lack of representation during the
2  applicable filing period, and temporary incapacity do not constitute extraordinary
3  circumstances justifying equitable tolling. See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154
4  (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an
5  extraordinary circumstance warranting equitable tolling.").  Similarly, "the difficulties
6  attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns,
7  restricted access to the law library, and an inability to secure court documents, do not by
8  themselves qualify as extraordinary circumstances" warranting equitable tolling.  See
9  Corrigan v. Barbery, 371 F.Supp.2d 325, 330 (W.D.N.Y. 2005).  Additionally, negligence
10 by counsel has not been found to qualify as extraordinary circumstances justifying equitable
11 tolling.  See, e.g., Miranda, 292 F.3d at 1067-68 (attorney miscalculation of due date is not
12 a circumstance justifying equitable tolling, even though petitioner filed his petition within
13 time period calculated by the attorney, but 53 days after the correct AEDPA due date; the
14 Court noted it was joining six other circuits in so holding); Malcom, 281 F.3d at 962-63 (no
15 equitable tolling where counsel chose to pursue clemency and limitations period expired
16 during that pursuit; Frye v. Hickman, 273 F.3d 1144, 1145-46 (9th Cir. 2001), cert. denied,
17 535 U.S. 1055 (2002) (counsel's general negligence does not warrant equitable tolling).

18    In his Reply to Respondents Answer, Petitioner did not set forth any extraordinary
19 circumstance that would justify equitable tolling, let alone demonstrate that an external
20 impediment stymied the diligent pursuit of his rights.  Accordingly, Petitioner is not entitled
21 to any equitable tolling and his habeas petition is therefore untimely.

22 \\\
23 \\\
24 \\\
25 \\\
26 \\\
27 \\\
28

**CONCLUSION**

Having determined that Petitioner's habeas petition is untimely, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus (Doc. #1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.  The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within which to file a response to the objections.  Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation.  See Fed.R.Civ.P. 72.

DATED this 29th day of January, 2009.

Michelle H. Burns
United States Magistrate Judge