**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terrell D. Dansby,                    ) | No. CV 08-804-PHX-JAT |
|                                       ) | |
| Petitioner,        ) | **ORDER** |
|                                       ) | |
| vs.                                   ) | |
|                                       ) | |
| Dora B. Schriro; et al.,              ) | |
|                                       ) | |
| Respondents.       ) | |
|                                       ) | |

Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus. On January 29, 2009, the Magistrate Judge to whom this case was assigned issued a Report and Recommendation (R&R) recommending that the Petition be dismissed because it is barred by the statute of limitation. On February 17, 2009, Petitioner filed objections to the R&R.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original). Because Petitioner filed objections, this Court will review de novo the Magistrate Judge's conclusion that the Petition in this case is barred by the statute of limitations.

As the R&R correctly recounts, under the Anti-Terrorism and Effective Death Penalty Act of 1996, Petitioner had one year from the date his conviction became final to file a

1  petition for writ of habeas corpus with this Court. R&R at 3-4. In this case, Petitioner's
2  conviction became final in state court on November 24, 2003. *See id.* at 3; *Summers v.*
3  *Schriro*, 481 F.3d 710, 716-17 (9th Cir. 2007). Thus, Petitioner's Petition in this Court was
4  due by November 25, 2004. R&R at 4. The Petition in this case was filed April 28, 2008,
5  and is untimely unless Petitioner is entitled to tolling of the statute of limitation until April
6  28, 2008.

7  By statute, Petitioner is entitled to "statutory" tolling during any period he had a
8  "properly filed application for State post-conviction or other collateral review with respect
9  to the pertinent judgment or claim ... pending." 28 U.S.C. § 2244(d)(2). In this case,
10 Petitioner had nothing pending in state court from November 24, 2003 to November 25,
11 2004, and therefore he is not entitled to statutory tolling. Additionally, his filing in state
12 court in February 2006 did not restart this statute of limitations. *See* R&R at 4 (citing
13 *Ferguson v. Palmateer*, 321 F.3d 478, 482 (9th Cir. 2003)). Therefore, after considering
14 statutory tolling, the Petition is still untimely.

15 Next, the Court considers equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327,
16 336 (2007) (assuming without deciding that equitable tolling is available to habeas
17 petitioners). The Magistrate Judge concluded that equitable tolling was not available. R&R
18 at 5-6. Petitioner objects to this conclusion.

19 First, Petitioner's argument that he did not have adequate resources to file his petition
20 for post-conviction relief within the deadline set by the state court is irrelevant because the
21 federal statute of limitations had not begun to run during this time. *See* Objections at 4-6.
22 Second, Petitioner's argument that his post-conviction relief counsel was ineffective for not
23 making an *Apprendi* argument does not form the basis for equitable tolling. *See* Objections
24 at 10; *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001), *cert. denied*, 535 U.S. 1055

25
26
27
28

1  (2002) (errors of counsel do not form the basis for equitable tolling of the statute of
2  limitations).[1]

3  Finally, Petitioner's argument that his general lack of legal materials should equitably
4  toll his statute of limitations to bring a claim under *Blakely v. Washington*, 542 U.S. 296
5  (2004) also fails. *See* Objections at 13-16. To be entitled to equitable tolling, Petitioner must
6  show that he has been diligently pursing his rights and that an extraordinary circumstance
7  prevented timely filing. *Lawrence*, 549 U.S. at 336. In this case, Petitioner's only actions
8  were filing a motion to reconsider in state court almost two years after *Blakely* was decided
9  and a habeas petition in federal court almost four years after *Blakely* was decided. The Court
10 finds Petitioner was not diligent. Thus, all of Petitioner's claims for equitable tolling fail and
11 the Petition in this case will be dismissed because it is barred by the statute of limitations.

12 Moreover, *Blakely* is not available to cases on collateral review, which is the
13 procedural posture of this case. R&R at 5 (citing *Cook v. U.S.*, 386 U.S. 949, 950 (9th Cir.
14 2004)). Therefore, even if this Court reached the merits of Petitioner's claim, habeas relief
15 would be denied.

16 Based on the foregoing,

17 **IT IS ORDERED** that the Report and Recommendation (Doc. #24) is accepted and
18 adopted, the Objections (Doc. #25) are overruled, the Petition is dismissed with prejudice
19 because it is barred by the statute of limitations and the Clerk of the Court shall enter
20 judgment accordingly.

21 DATED this 7th day of April, 2009.

_____
James A. Teilborg
United States District Judge

---

[1] For purposes of this Order, the Court reaches no conclusion regarding whether counsel was actually ineffective.

- 3 -